IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN CASTANEDA,                               No. C 07-3726 WHA (PR)

    Petitioner,                                    **ORDER TO SHOW CAUSE**

    v.

B. CURRY, Warden, et al.,

    Respondents.

    Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

    The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d) (venue proper in both district of conviction and district of confinement).

**DISCUSSION**

*A. Standard of Review*

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears

from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

*B. Legal Claims*

Petitioner was convicted of attempted murder in 1991. He was sentenced to seven years to life in prison. This petition goes to the denial of parole on March 15, 2006. Petitioner alleges that he has exhausted these parole claims by way of state habeas petitions.

As grounds for federal habeas relief, petitioner asserts that: (1) California prisoners have a liberty interest in parole; (2) his due process rights were violated when the Board denied him parole based on the circumstances of his crime; (3) the denial of parole based on inadequacy of his rehabilitation efforts, when those efforts are extensive and have been very successful, violated due process.

The first issue is not grounds for habeas relief, because although it is true that California prisoners do have a liberty interest in parole, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002), that fact alone is not sufficient to grant the writ. The first issue will be dismissed. The other two are sufficient to require a response. *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of offense might violate due process); *McQuillion*, 306 F.3d at 904 (due process requires that at least "some evidence" support parole denial).

**CONCLUSION**

1. Petitioner's first issue, his contention that California prisoners have a liberty interest in parole, is **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to respondent Curry and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

1  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
2  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
3  trial record that have been transcribed previously and that are relevant to a determination of the
4  issues presented by the petition.

5  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
6  court and serving it on respondent within thirty days of his receipt of the answer.

7  4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
8  as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a
9  motion, petitioner shall file with the court and serve on respondent an opposition or statement of
10  non-opposition within thirty days of receipt of the motion, and respondent shall file with the
11  court and serve on petitioner a reply within 15 days of receipt of any opposition.

12  5. Petitioner is reminded that all communications with the court must be served on
13  respondent by mailing a copy of the document to respondent's counsel. Papers intended to be
14  filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also
15  must keep the court informed of any change of address by filing a separate paper with the clerk
16  headed "Notice of Change of Address," and comply with any orders of the court within the time
17  allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this
18  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez*
19  *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

20  **IT IS SO ORDERED.**

22  Dated:  07/23/07

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\HC.07\CASTANEDA726.OSC.wpd

3