# EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES
### PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO. 1

| DEFENDANT'S NAME(S) | COURT | JUDGE | COURT CASE NO. |
|---|---|---|---|
| MARTIN CASTANEDA | EAST-M | CIANCHETTI | KA005779 |

| ADDRESS (PRESENT/RELEASE) | HEARING DATE | DEFENSE ATTY. | PROSECUTOR |
|---|---|---|---|
| 303 SOUTH VERNON AVENUE AZUSA, CA 91702 (818/334-4252) | 11-19-90 | MAC BRIDE/ PD | HARRIS |

| BIRTHDATE | AGE | SEX | RACE | DPO | AREA OFFICE | PHONE NO. |
|---|---|---|---|---|---|---|
| 4-20-68 | 28 | MALE | HISPANIC | CRYER | PV | 620-3165 |

| CITIZENSHIP STATUS | DRIVER'S LICENSE/EXP. DATE |
|---|---|
| NATIVE | V9134412/FEE REQ. |

| PROBATION NO. | CII NO. | BOOKING NO. |
|---|---|---|
| X— | A06433264 | 2232457 |

TYPE REPORT
___ Probation and sentence
XX Pre-Conviction (131.3 CCP)
___ Post sentence
___ Diversion (Specify) _____

| DAYS IN JAIL THIS CASE | CUSTODY STATUS/RELEASE DATE |
|---|---|
| XX ESTIMATED ☐ VERIFIED  41 DAYS | LACO JAIL |

## PRESENT OFFENSE: LEGAL HISTORY

**CHARGED with the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

COUNT I: 664/187(A) PC (ATTEMPTED-WILLFUL, DELIBERATE, PREMEDITATED MURDER) WITH SPECIAL ALLEGATIONS OF 12022.5(A) PC; 12022.7 PC; 1203.06(A)(1) PC

**CONVICTED of the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

REFERRED FOR PRE-PLEA REPORT

| CONVICTED BY | DATE OF CONVICTION/REFERRAL | COUNT(S) CONTINUED TO P & S FOR DISPOSITION |
|---|---|---|
| N/A | 11-6-90 | N/A |

| PROPOSED PLEA AGREEMENT | SOURCES OF INFORMATION |
|---|---|
| NONE REPORTED | N/A |

| DATE(S) OF OFFENSE | TIME(S) |
|---|---|
| 10-9-90 | 8:41 P.M. |

DEFENDANT: ☒ N/A  ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE _____  HOLD/WARRANTS:
(SEE PRIOR RECORD SECTION) ☐ ON PROBATION  ☐ PENDING PROBATION VIOLATION  ☐ PENDING NEW CASE    ☐ YES ☒ NO
☐ ON PAROLE-REMAINING TIME _____

**RECOMMENDATION:**

☐ PROBATION   ☒ DENIAL         ☐ DIAGNOSTIC STUDY   ☐ CYA   ☐ OTHER _____
              ☐ COUNTY JAIL    ☐ 707.2 WIC
              ☒ STATE PRISON   ☐ 1203.03 PC

76P725B-Prob. 19SC (Rev. 6/85) 8/87

| | PRESENT OFFENSE: (CONTINUED) | | SOURCES OF INFORMATION (this page) D.A. FILE, ARREST REPORT | | |
|---|---|---|---|---|---|
| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
| 10-9-90 | UNKNOWN | MARTIN CASTANEDA | 664/187 PC (ATTEMPTED MURDER) | 934 N. SAN GABRIEL AVENUE, AZUSA, CA | AZUSA PD |

| CO-DEFENDANT(S) | CASE NO. | DISPOSITION |
|---|---|---|
| NONE | | |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

COUNT I:

IT IS ALLEGED THAT THE DEFENDANT, UPSET AND AFTER HAVING A PHYSICAL ALTERCATION WITH THE VICTIM'S BROTHER - JORGE CARREON ON THE PREVIOUS DAY, CONFRONTED THE VICTIM AND SHOT HIM SEVERAL TIMES WITH A HANDGUN.

ON OCTOBER 8, 1990, THE DEFENDANT - MARTIN CASTANEDA, APPARENTLY HAD A PHYSICAL ALTERCATION WITH THE VICTIM'S BROTHER, JORGE CARREON, OVER THE DEFENDANT'S EX-GIRLFRIEND. THE VICTIM, FIDEL CARREON, INTERVENED AND BROKE UP THE ALTERCATION. HOWEVER, THE DEFENDANT, AS HE WAS LEAVING THE LOCATION YELLED OUT, "VARRIO AZUSA" AND "I'LL BE BACK."

ON OCTOBER 9, 1990, AT ABOUT 8:41 P.M., THE DEFENDANT AND UNKNOWN COMPANIONS DROVE HIS VEHICLE TO THE VICTIM'S RESIDENCE LOCATED AT 500 NORTH VIRGINIA AVENUE IN THE CITY OF AZUSA. THEREAFTER, WITNESSES OBSERVED THE DEFENDANT AND HIS COMPANIONS TO LEAVE THE VEHICLE AND WALK UP TO THE VICTIM'S HOUSE. FINDING THE VICTIM OUTSIDE, THE DEFENDANT DISPLAYED A HANDGUN AND SHOT THE VICTIM FIVE TIMES IN THE CHEST, GROIN

-2- (CASTANEDA)

AND RIGHT ARM AREAS.  THE DEFENDANT AND HIS COMPANIONS THEN FLED THE LOCATION.  AZUSA POLICE OFFICERS RESPONDED TO THE AREA AND RECEIVED INFORMATION IMPLICATING THE DEFENDANT AS THE SHOOTER.  POLICE OFFICERS THEN WENT TO THE DEFENDANT'S RESIDENCE AND, AFTER RECEIVING CONSENT TO SEARCH HIS HOUSE AND VEHICLE, FOUND A .22-CALIBER SHELL.  DEFENDANT WAS SUBSEQUENTLY ARRESTED AND TAKEN INTO CUSTODY.  AFTER WAIVING HIS CONSTITUTIONAL RIGHTS, THE DEFENDANT ACKNOWLEDGED TO OFFICERS OF HAVING A FIGHT WITH THE VICTIM'S BROTHER THE NIGHT BEFORE AND GOING BACK TO THE LOCATION WITH A LOADED GUN.  NOT FINDING THE VICTIM'S BROTHER, THE DEFENDANT ADMITTED SHOOTING THE VICTIM BECAUSE HE WAS STILL ANGRY.

-3- (CASTANEDA)

76C692G — PROB. 5A

| VICTIM: | SOURCES OF INFORMATION (this page): VICTIM'S MOTHER, CRIME REPORT |
|---|---|
| NAME: FIDEL CARREON | COUNT(S): COUNT I |
| INJURY: PROPERTY LOSS (TYPE / COST / ETC.) SEE BELOW | |
| INSURANCE COVERAGE: UNKNOWN | |
| LOSS: ☒ YES ☐ NO   ESTIMATED LOSS: UNDETERMINED | RESTITUTION ALREADY MADE: NONE   APPLIED FOR VICTIM RESTITUTION FUND: ☐ UNK ☐ YES ☒ NO |

VICTIM STATEMENT: ACCORDING TO THE VICTIM'S MOTHER, MARIA CARREON, THE VICTIM WAS IN THE HOSPITAL THREE DAYS AS A RESULT OF THE SHOOTING. SHE INDICATED THAT THE VICTIM SUFFERED GUNSHOT WOUNDS TO HIS CHEST, GROIN AND RIGHT ARM WHICH REQUIRED SURGERY. MRS. CARREON WENT ON TO DESCRIBE HER SON AS ALWAYS BEING UNDERSTANDING AND NEVER HURTING ANYONE. MRS. CARREON RELATES THAT MEDICAL EXPENSES ARE UNKNOWN AT THIS POINT IN TIME. IN HER CLOSING STATEMENT, THE VICTIM'S MOTHER INDICATED THAT SHE IS WORRIED ABOUT HER SON AND HOPES THAT THE DEFENDANT WILL RECEIVE AN EXTENDED PERIOD OF TIME IN CUSTODY FOR HIS ACT.

| RESTITUTION | TOTAL NUMBER OF VICTIMS: ONE | ESTIMATED LOSS TO ALL VICTIMS: UNDETERMINED | VICTIM(S) NOTIFIED OF P&S HEARING: ☐ YES ☒ NO |
|---|---|---|---|
| DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION: ☐ YES ☒ NO | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO.: N/A | |

-4- (CASTANEDA)                                              VICTIM LIST CONTINUES NEXT PAGE

76P725B—Prob. 19SC (Rev. 6/85)  8/87

1 | PRIOR RECORD:

> SOURCES OF INFORMATION (this page)     DEFENDANT;
> CLETS (11-6-90); D.A. FILE, COURT RECORDS

3 | AKA'S:        MARTIN CASTENEDA

4 | MULTIPLE DATES OF BIRTH:  MAY 20, 1962

### JUVENILE HISTORY:

INFORMATION IS NOT AVAILABLE THROUGH PROBATION DEPARTMENT INQUIRY FIVE YEARS AFTER JUVENILE PROBATION ACTIVITY IS TERMINATED; AND THE DEFENDANT ADMITS NO RECORD.

### ADULT HISTORY:

IT SHOULD BE NOTED TO THE PRESIDING COURT THAT THE DEFENDANT REFUSED TO PROVIDE THE PROBATION OFFICER WITH ANY INFORMATION IN REGARD TO HIS ADULT ARREST HISTORY. AS A RESULT, THE FOLLOWING INFORMATION IS PRIMARILY FROM HIS RAP SHEET.

2-25-82    GLENDORA PD - 496 PC (RECEIVING KNOWN STOLEN PROPERTY); ON 4-20-82, WEST COVINA MUNICIPAL COURT, CASE NUMBER M-216210, CONVICTED OF 496 PC: GRANTED 12 MONTHS PROBATION.

3-22-87    ARRESTING AGENCY UNKNOWN - 166(4) PC (CONTEMPT OF COURT: DISOBEY COURT ORDERS) - ON 6-26-87, CITRUS MUNICIPAL COURT, CASE NUMBER 87M04425 - CONVICTED AS CHARGED: GRANTED TWO YEARS SUMMARY PROBATION.

8-21-88    AZUSA PD - 12020(A) PC (POSSESS/SELL DANGEROUS WEAPON); ON 10-21-88, CITRUS MUNICIPAL COURT, CASE NUMBER 88M12192, CONVICTED OF 12020(A) PC: GRANTED ONE YEAR SUMMARY PROBATION WITH CONDITION TO PAY FINE OF $235.

-5- (CASTANEDA)

76P725B-Prob. 19SC (Rev. 6/85) 8/87

| | |
|---|---|
| 1 | PERSONAL HISTORY: |
| 2 | |

SOURCES OF INFORMATION (this page)
DEFENDANT

SUBSTANCE ABUSE:

____ No record, indication, or admission of alcohol or controlled substance abuse.

XX   Occasional social or experimental use of __MARIJUANA AND BEER__ acknowledged.

XX   See below: Indication / admission of significant substance abuse problem.

Referred to Narcotic Evaluator ☐ Yes ☒ No         ____ Narcotic Evaluator's report attached

Additional information   WHEN INTERVIEWED BY THE PROBATION OFFICER, THE DEFENDANT DENIED HAVING ANY HISTORY OF NARCOTIC SUBSTANCE ABUSE.

PHYSICAL / MENTAL / EMOTIONAL HEALTH:

XX   No indication or claim of significant physical/mental/emotional health problem.

____ See below: Indication / claim of significant physical/mental/emotional health problem.

-6- (CASTANEDA)
76P725B—Prob. 19SC (Rev. 6/85)  8/87

PERSONAL HISTORY: (CONTINUED)

SOURCES OF INFORMATION (this page): DEFENDANT

| RESIDENCE | TYPE RESIDENCE | LENGTH OF OCCUPANCY | MORTGAGE/RENT | RESIDES WITH/RELATIONSHIP |
|---|---|---|---|---|
| | HOUSE | 11 MONTHS | $350 | SELF |
| RESIDENTIAL STABILITY LAST FIVE YEARS | | CAME TO STATE / FROM | | CAME TO COUNTY / FROM |
| FAIR | | BIRTH | | BIRTH |

Additional information DEFENDANT RELATES THAT HE IS THE FOURTH OF FIVE CHILDREN BORN TO THE MARITAL RELATIONSHIP BETWEEN MANUEL AND PHYLLIS CASTANEDA. ACCORDING TO THE DEFENDANT, HE WAS BORN IN COVINA, CALIFORNIA AND WAS PRIMARILY RAISED BY HIS PARENTS IN THE CITY OF AZUSA.

| MARRIAGE / PARENTHOOD | MARITAL STATUS | NAME OF SPOUSE / PRESENT COHABITANT |
|---|---|---|
| | SEPARATED | DEBBIE CASTANEDA |
| LENGTH OF UNION | NO. OF CHILDREN THIS UNION | SUPPORTED BY |
| EIGHT YEARS | FOUR | DEFENDANT; AFDC |
| NO. PRIOR MARRIAGES / COHABITATIONS | NO. OF CHILDREN THESE UNIONS | SUPPORTED BY |
| NONE | NONE | N/A |
| NO. OF OTHER CHILDREN | SUPPORTED BY | |
| NONE | N/A | |

Additional information

DEFENDANT RELATES THAT HIS MARRIAGE TO HIS SPOUSE DEBBIE CASTANEDA ENDED IN SEPARATION IN FEBRUARY OF THIS YEAR AFTER EIGHT YEARS OF MARRIAGE. ACCORDING TO THE DEFENDANT, FOUR CHILDREN EVOLVED FROM THIS MARITAL RELATIONSHIP WHO RANGE IN AGES FROM TWO MONTHS TO AGE EIGHT, AND WHO ARE PRESENTLY SUPPORTED BY AFDC (AID TO FAMILIES WITH DEPENDENT CHILDREN) PAYMENTS.

FORMAL EDUCATION:
DEFENDANT RELATES THAT HIS EDUCATION ENDED AT THE 11TH GRADE LEVEL WHILE ATTENDING SIERRA CONTINUATION HIGH SCHOOL. HE CLAIMS THAT JUST PRIOR TO HIS ARREST FOR THE ALLEGED OFFENSE, HE HAD RE-ENROLLED INTO AZUSA ADULT SCHOOL AND HAS 37 CREDITS LEFT IN ORDER TO ACHIEVE HIS HIGH SCHOOL DIPLOMA.

-7- (CASTANEDA)
76P725B—Prob. 19SC (Rev. 6/85) 8/87

| PERSONAL HISTORY: (CONTINUED) | | SOURCES OF INFORMATION (this page) DEFENDANT | | |
|---|---|---|---|---|
| EMPLOYMENT STATUS | ☐ EMPLOYED ☒ UNEMPLOYED | REFERRED TO WORK FURLOUGH ☐ YES ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE ☒ N/A ☐ YES ☐ NO | |
| ~~PRESENT~~/LAST EMPLOYER / ADDRESS / PHONE HOME DEPOT - COVINA, CA (ENDING 10/89) | | OCCUPATION ASSISTANT DEPARTMENT HEAD | PERIOD OF EMPLOYMENT TWO YEARS | GROSS MONTHLY WAGE $900 |
| | | EMPLOYMENT STABILITY LAST 5 YEARS UNSTABLE | TYPES OF PREVIOUS EMPLOYMENT FORKLIFT DRIVER; STOCKER | |
| ☐ VERIFIED  ☒ UNVERIFIED | | | | |

Additional information ACCORDING TO THE DEFENDANT, PRIOR TO HIS ARREST FOR THE ALLEGED OFFENSE, HE WAS WORKING IRREGULARLY WITH HIS BROTHER THROUGH A CLEANING BUSINESS. DEFENDANT RELATED ALSO THAT HE WAS WORKING ODD JOBS AND RECEIVED A MONTHLY ESTIMATED SALARY PERTAINING TO BOTH EMPLOYMENTS OF $1,100.

| FINANCIAL STATUS | INCOME STABILITY MARGINAL | NET MONTHLY INCOME $1,100 | |
|---|---|---|---|
| PRIMARY INCOME SOURCE WAGES | SECONDARY INCOME SOURCE(S) NONE | EST. TOTAL ASSETS UNKNOWN | EST. TOTAL LIABILITIES UNKNOWN |

MAJOR ASSETS / ESTIMATED VALUE

NONE REPORTED

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)

NONE REPORTED

Additional information

GANG ACTIVITY  ☒ YES  ☐ NO       Name of Gang  (SEE PAGE NINE)

-8- (CASTANEDA)

76P7258—Prob. 19SC (Rev. 6/85)  8/87

GANG ACTIVITY:

WHEN INTERVIEWED BY THE PROBATION OFFICER, THE DEFENDANT DENIED ANY TYPE OF GANG AFFILIATION. HOWEVER, ACCORDING TO INFORMATION FROM THE AZUSA POLICE DEPARTMENT, THE DEFENDANT APPARENTLY HAS SOME SLIGHT TIES WITH THE "AZUSA 13" GANG.

DEFENDANT'S STATEMENT:

THE DEFENDANT, UPON RECEIVING ADVICE FROM HIS ATTORNEY, DECLINED TO MAKE ANY STATEMENTS PERTAINING TO THE ALLEGED OFFENSE. HOWEVER, THE DEFENDANT DID INDICATE THAT HIS FUTURE PLANS CONSIST OF GETTING HIS PRIORITIES TOGETHER, REUNITING WITH HIS FAMILY AND MAKING UP FOR LOST TIME AWAY FROM HIS CHILDREN.

INTERESTED PARTIES:

THE PROBATION OFFICER WAS ABLE TO OBTAIN INFORMATION FROM DETECTIVE ARNOLD OF THE AZUSA POLICE DEPARTMENT (818/334-2943), WHO ASSISTED IN INVESTIGATING THIS MATTER AND PROVIDED THE FOLLOWING STATEMENTS. ACCORDING TO DETECTIVE ARNOLD, THROUGHOUT THE INTERVIEW OF THE DEFENDANT, HE SHOWED NO REGRET OR REMORSE FOR HIS ACTIONS. THE DEFENDANT RELATED TO THE DETECTIVES THAT HE WOULD DO THE SAME THING UNDER SIMILAR CIRCUMSTANCES, EXCEPT THAT HE WOULD ONLY USE A BIGGER GUN THE NEXT TIME. DETECTIVE ARNOLD WENT ON TO SAY THAT THE DEFENDANT HAS SOME SLIGHT APPARENT GANG-RELATED TIES WITH THE "AZUSA-13" GANG. IN HIS CLOSING STATEMENTS, DETECTIVE ARNOLD EXPRESSED HIS PERSONAL FEELING THAT THE DEFENDANT'S ACTIONS WARRANT LONG-TERM CUSTODY

-9- (CASTANEDA)

76C692G — PROB. 5A

1 COMMITMENT.

2 EVALUATION:

THE PRIMARY CAUSAL FACTOR INVOLVED IN THE ALLEGED OFFENSE APPEARS TO CENTER AROUND THE DEFENDANT HAVING AN ALTERCATION WITH THE VICTIM'S BROTHER OVER AN EX-GIRLFRIEND. THE DEFENDANT, APPARENTLY EMOTIONALLY UPSET, VOWED TO RETURN TO THE VICTIM'S RESIDENCE IN ORDER TO RETALIATE AND DID SO, SHOOTING THE VICTIM FIVE TIMES WITH A HANDGUN. IT IS QUITE NOTEWORTHY THAT THE DEFENDANT, AFTER THIS SHOOTING INCIDENT, INDICATED TO THE INVESTIGATING DETECTIVES THAT HE WOULD PERFORM THE ACT AGAIN GIVEN THE SAME CIRCUMSTANCES, ONLY USE A BIGGER GUN. THIS CLEARLY SHOWS THAT THE DEFENDANT HAS NO REMORSE OR CONCERN FOR THE VICTIM NOR IS DISPLAYED BEHAVIOR. EVEN THOUGH THE DEFENDANT'S ARREST HISTORY IS MINIMAL, HIS PERSONAL HISTORY SUGGESTS THAT HE IS NOT A RESPONSIBLE ASPECT WITHIN THE IMMEDIATE COMMUNITY. OVERALL, DEFENDANT'S BEHAVIOR IN THE PRESENT OFFENSE WOULD INDICATE THAT HE IS AN EXTREME DANGER TO THE LIVES OF OTHERS. BASED ON THE CIRCUMSTANCES INVOLVED IN THE ALLEGED OFFENSE, THE DEFENDANT IS DEFINITELY NOT A SUITABLE CANDIDATE FOR PROBATION SUPERVISION. THUS, THE ONLY SUITABLE DISPOSITION IN THIS MATTER WOULD BE FOR THE DEFENDANT TO BE COMMITTED TO STATE PRISON.

SENTENCING CONSIDERATIONS:

IF CONVICTED OF THE CRIMINAL CHARGE, THE DEFENDANT IS NOT ELIGIBLE FOR PROBATION PURSUANT TO SECTION 1203.06 OF THE PENAL

-10- (CASTANEDA)

76C692G — PROB. 5A

CODE.

CIRCUMSTANCES IN AGGRAVATION:

1. THE PLANNING, SOPHISTICATION OR PROCESSIONALISM WITH WHICH THE CRIME WAS CARRIED OUT, OR OTHER FACTS, INDICATES PREMEDITATION.

2. THE DEFENDANT HAS ENGAGED IN CONDUCT WITH INDICATES THAT HE IS A SERIOUS DANGER TO SOCIETY.

CIRCUMSTANCES IN MITIGATION:

THERE ARE NO CIRCUMSTANCES IN MITIGATION.

IF CONVICTED AND SENTENCED TO STATE PRISON, THE FACTS IN AGGRAVATION WARRANT THE IMPOSITION OF THE MID BASE TERM.

RECOMMENDATION:

SHOULD THE DEFENDANT BE CONVICTED OF THE CRIMINAL CHARGE, IT IS RECOMMENDED THAT PROBATION BE DENIED AND THAT THE DEFENDANT BE SENTENCED TO STATE PRISON WITH PRE-IMPRISONMENT CREDIT; THAT THE COURT ORDER THE DEFENDANT TO PAY A RESTITUTION FINE OF $100 AS PROVIDED BY SUBDIVISION (A) OF SECTION 13967 OF THE GOVERNMENT CODE,

-11- (CASTANEDA)

76C692G — PROB. 5A

1  THE TOTAL AMOUNT TO INCLUDE A SERVICE CHARGE AS PROVIDED BY SUBDIVISION
2  (D) OF SECTION 13967 OF THE GOVERNMENT CODE.
3  RESPECTFULLY SUBMITTED,
4  BARRY J. NIDORF,
   PROBATION OFFICER

6  BY [signature]
7  JOHN CRYER, DEPUTY
   POMONA VALLEY AREA OFFICE
8  620-3165

9  READ AND APPROVED:                    I HAVE READ AND CONSIDERED
                                         THE FOREGOING REPORT OF THE
10                                       PROBATION OFFICER.

11  C.P. ) K.L-
    KENNETH LE MOND, SDPO
12
    (SUBMITTED   11-8-90)                _____
13  (TYPED       11-13-90)                JUDGE OF THE SUPERIOR COURT
     JC:WT (6)
14

15       IF PROBATION IS GRANTED, IT IS RECOMMENDED THAT
16  THE COURT DETERMINES DEFENDANT'S ABILITY TO PAY COST OF PROBATION
17  SERVICES PURSUANT TO SECTION 1203.1B PENAL CODE.  COST OF PRE-SENTENCE
18  INVESTIGATION AND PRE-SENTENCE REPORT - $412.00.  COST OF SUPERVISION -
19  $28.00 PER MONTH.

-12- (CASTANEDA)

76C692G — PROB. 5A