# EXHIBIT H

SUPREME COURT COPY

**S151647**

IN THE SUPREME COURT OF THE

STATE OF CALIFORNIA

SUPREME COURT
FILED
APR 2 - 2007
Frederick K. Ohlrich Clerk
_____
DEPUTY

| | |
|---|---|
| In re | State Court of Appeal |
| | Second Appellate District, Division 8 |
| MARTIN CASTANEDA | Case No. B197053 |
| On Habeas Corpus.. | |

PETITION FOR REVIEW

MARTIN CASTENADA
E-89355
P. O. BOX 0689
SOLEDAD, CA 93960-0689

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

S151647

Martin Castaneda,

Petitioner,

On Habeas Corpus.

Case No. B197053

Super. Ct. No. BH004094

RECEIVED APR 2 - 2007

SUPREME COURT FILED APR 2 - 2007

Frederick K. Ohlrich Clerk

DEPUTY

PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Petitioner, Martin Castaneda Petitions this California Supreme Court for review following the California Court of Appeal denial of Petition for Writ of Habeas Corpus filed on February 27, 2007. A copy of the Opinion/Denial is hereby attached, marked as Exhibit "A", as well as a copy of the envelope in which it was delivered to Petitioner, by the CTF Mail Room on March 26, 2007, marked as Exhibit "B".

QUESTIONS PRESENTED FOR REVIEW

1.  Is the Board of Prison Hearings, (BPH) violating Petitioner's State and Federal Due Process Rights when parole suitability determinations are not supported by "some evidence", having the necessary federally defined indicia of reliability, and was the "some evidence" standard correctly applied in this case?

2.  Can the California Parole Board deny Petitioner parole based upon the gravity, i.e., seriousness of Petitioner's commitment offense after Petitioner has served a Penal Code § 3041(a), Cal., Code Regs., Title 15, § 2403, or § 2282, uniform term equal to the gravity of Petitioner's crime, when Petitioner has remained disciplinary free during his entire incarceration, has participated in rehabilitation type programs with an overall positive prison program, a non-assaultive prior criminal behavior, as well as positive CDC Counselor and Psychiatric Evaluations?

3.  Does the Board's record against granting parole to well over 90%, of those convicted of murder (and or an indeterminate sentence) "Attempted Murder",

(1).

as here, reflect both a constitutional application of Penal Code § 3041, subdivision (a) and (b), and conformity with this Court's ruling in In re Rosenkrants, (2002) 20 Cal. 4th 616, 683, that the Board **shall** normally grant parole, or does it mathematically reflect a systematic bias by the Board against granting parole?

4. Can the Board ignore the United States Supreme Court mandate of Blakely V. Washington, (2004) ___U.S.___, 124 S. Ct. 2531, 159 L.Ed.2d 403, (DJDAR 7581), and punish a prisoner by redefining their offenses as particularly egregious and therefore including crime elements which define it as one of higher degree not found by a jury without violating Petitioner's State and Federal Rights to Due Process?

## NECESSITY FOR REVIEW

A grant of review and resolution of these issues by this Supreme Court are necessary to secure uniformity of decision and to settle important questions of law. The need for uniformity of decision is demonstrated by a comparison of this case with the factually similar, In re Ramirez, (2002) 94 Cal. App. 4th 549; Biggs V. Terhune, (9th Cir. 2003) 334 F.3d 910; Blakely V. Washington, Supra, ___ U.S. ___ which resulted in court finding opposite to that in Petitioner's case. Petitioner respectfully submits that viewing these cases together demonstrates the lack of uniformity in application of the due process standard and that the decision in the instant case conflicts with the announced Federal Due Process standard delineated in Biggs V. Terhune, Supre, as well as in Blakely V. Washington, Supra. This case also provides this Supreme Court with an opportunity to refine the meaning of the "particularly egregious" standard found in In re Ramirez, Supra and In re Rosenkrantz, Supra, 29 Cal. 4th, and to bring it and other standards, such as liberty interest as well as the some evidence standard into line with noted federal rullings.

Also, this case provides this Supreme Court with an opportunity to determine if by denying parole to over 90%, of appearing inmates over a 16 or so year

period during which Petitioner appeared before the panels, the Board is normally granting parole as required by In re Rosenkrantz, Supra, 29 Cal. 4th 683, and the California parole scheme, or does the Board's repeated denial of parole during that period to well over 90%, of appearing inmates (93+% for 2004 through August) mathematically reflect their factual historical bias against parole, depriving appearing inmates of their federally protected liberty interest.

Furthermore, this case provides this Supreme Court with an opportunity to determine if the Board can base a decision to deny parole on prior [remote in time] behavior not reflected by a prisoner's current and directly long term history, precluding its use to deny parole in accordance with federal "some evidence" and due process standards.

In summary, Petitioner respectfully submits that in this case "some evidence" having the necessary state and federal indicia of reliability does not support each of the Board's finding as well as the Second Appellate District Court's denial, as required by the United States Constitution, Fifth and Fourteenth Amendments, the California Constitution, Article I, Section 15, and numerous state and federal case rulings, including In re Mark Smith, (2003), 109 Cal. App. 4th 489, Biggs v. Terhune, Supra, as well as the most recent 9th Circuit Court of Appeal ruling in Iron V. Carey II, (March 2007), Case No. 05-15275.

### ARGUMENT "I"

"THE BOARD OF PRISON HEARINGS DEPRIVED PETITIONER OF HIS FEDERALLY PROTECTED LIBERTY INTEREST AND VIOLATED HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHTS TO DUE PROCESS BY REPEATEDLY DENYING HIM PAROLE BASED UPON THE UNCHANGING FACTORS OF HIS COMMITMENT OFFENSE, AND HIS RELUCTANCE TO PARTICIPATE IN "AA"/"NA", AND AFTER IGNORING THE EVIDENCE OF HIS REHABILITATION PROGRAMING AND CONTINUED EXEMPLARY TYPE BEHAVIOR WHILE IN PRISON."

### "A" INTRODUCTION

Petitioner, through 'plea agreement', pled guilty to the "Attempted Murder" of Fidel Carion, on October 9, 1990, (Penal Code § 664/187(a)), and was sentence to State Prison for a term of seven (7) years to life with the possibility of parole.

On                                    (3).

On March 15, 2006, Petitioner was denied parole by the Board of Prison Hearings (BPH) based upon; (1). The Commitment Offense: (2). Petitioner's reluctance to participate in self-help, "AA"/"NA".

B. "The Board's Decision to Deny Parole Was Not Supported by "Some Evidence" Having an Indicia of Reliability."

In Biggs V. Terhune, Supra, at P. 914, a case with situational factors and a prison performance record analogous to this Petitioner's, the Court cited Greenholtz V. Nebraska Penal Inmates, (1979) 442 U. S. 1, 7, and McQuillion V. Duncan, (9th Cir. 2002) 306 F. 3d 895, 903, and held that "[b]ecause the "California parole scheme [Penal Code § 3041(b)] vested in every inmate a constitutionally protected liberty interest" and then held "protected by the procedural safeguard of the Due Process Clause," "some evidence" having an indicia of reliability must underlay every Board decision, citing Jancseck V. Oregon Board of Parole, (9th Cir. 1987), 833 F. 2 1389. The Bigg' court then established standards for the California Parole Board to follow when assessing the facts before it during a parole consideration hearing, holding at pp. 916-917 that:

"[While] the California Parole Board's sole supporting reliance on the gravity of [a first degree murder] offense [involving the killing of a witness] and conduct prior to imprisonment to justify denial of parole can initially be justified as fulfilling the requirements set forth by state law [,o]ver time, however, should [a petitioner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him parole simply because of the nature of [his] offense and prior conduct would raise serious questions involving his liberty interest in parole."

"A continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation."

Biggs further held that when a prisoner such as Petitioner has behaved in a crime and disciplinary free manner over a long term, in Bigg' first degree murder case 13 years, a Board finding denying parole based on the prisoner having had a so-called escalating pattern of criminal conduct relying on their commitment offense, prior criminal history would be devoid of evidence, since they have not

recently committed a criminal act, and when a prisoner such as Petitioner has engaged in rehabilitation type programing, educational and vocational courses, etc., and remained disciplinary free for an extended period of time, as in this case, the Board can not deny parole based on those factors because the evidence demonstrates otherwise. (Id. at pp. 916-917.)

Petitioner therefore respectfully submits that in accordance with these recent announced Federal Due Process standards, given his 16 years plus of rehabilitation and disciplinary free prison performance and his on-going positive programing, the gravity of his offense no longer provides the some evidence needed to support a parole denial. Therefore, the Board's finding in this case that the gravity of his offense, some 16+ years ago out weighs all of the positive factors of his imprisonment demonstrating his rehabilitation is contrary to the evidence which was before the Board on March 15, 2006, thus their finding and decision were without any reasonable basis, i. e., devoid of evidence, and as a result arbitrary and capricious, depriving Petitioner of his State and Federally right to Due Process.

C. "The Board Mathematically Demonstrates Systematic Bias in Their Decision Making by Denying Parole Grants to 98.5%+, of Appearing Inmates."

Petitioner respectfully submits that a review of the available state government provided statistical data, which can be obtained and provided if requested, will demonstrate the Board routinely denies parole to approximately 93+%, of appearing Inmates in violation of Penal Code § 3041 (a), as held by this Courts ruling in In re Rosenkrantz, Supra, 29 Cal. 4th at 683, and in violation of the Federal standard announced in Biggs V. Terhune, Supra, at 916-917. Furthermore, Petitioner submits a review of case record history will show that the Board carries out this routine denial of parole be declaring each and every offense committed by the 93+%, of Inmates denial parole as being "exceptionally heinous, atrocious, or cruel," i. e., particularly egregious, regardless of offense circumstances of degree. It is impossible that approximately 93+%, of

crimes committed which carry an indeterminate sentence be particularly egregious, especially call for specified second degree murder, or any other offense underlying an indeterminate sentence, (Attempted Murder, as here), and or conviction whose crime and victim circumstances, Cal. Code Regs., Title 15, § 2403(c), terms. (See In re Ernest Smith, (2003) 114 Cal. App. 4th 343, holding that in California parole is the rule, i. e., the norm, and not the exception; and that only especially grave, i. e., particularly egregious crime can be used to support a parole denial. See In re Rosenkrantz, Supra, 29 Cal. 4th 616, holding a "particularly egregious murder is one with first degree murder elements not found by the jury, and Blakely V. Washington, ___U.S.___(2004 DJDAR 7581), holding this type of finding unconstitutional, violating due process.

Petitioner submits that in this case, the Board effected this result by "simply identifying 'some [factual] evidence'. [from] the record to support each result," ignoring that in accordance with In re Ramirez, Supra, at pp. 536-564, and Biggs, Supra, at pp. 916-917, these facts do not and can not demonstrate that Petitioner is currently an unreasonable threat to public safety if released from prison.

Petitioner, therefore submits he did not receive a fair parole hearing, because the hearing results reflect the Board's mathematically demonstrated bias against granting parole, therefore, the hearing was adjudicated pro forma, violating Petitioner's state and federal due process rights, depriving him of his federally protected liberty interest.

## CONCLUSION

For these reasons, Petitioner respectfully submits that this Court grant review to bring up to date the Board's practice such that they conform with the guidelines provided in In re Ramirez, Supra, In re Rosenkrantz, Supra, 29 Cal. 4th 616, to conform with current federal standards, so as to insure uniformity of decision making in the lower court's on issues frequently litigated, and to

settle questions so important that they impact directly upon the rights of persons such as Petitioner to due process of law under the state and federal constitution, and impact his federally protected liberty interest.

Sincerely Submitted,

Martin Castaneda, In Pro. Se.

DATE: 3/27/07.

//////.

Court of Appeal, Second Appellate District, Div. 8 - No. B197053
S151647

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re MARTIN CASTANEDA on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

JUN 1 3 2007

Frederick K. Ohlrich Clerk

_____
DEPUTY

GEORGE
_____
Chief Justice