IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN CASTANEDA,

    Petitioner,

  v.

B. CURRY, Warden, et al.,

    Respondents.

No. C 07-3726 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1991 petitioner pled guilty to attempted first degree murder. He was sentenced to seven years to life in prison. This petition goes to the denial of parole on March 15, 2006. Petitioner alleges that he has exhausted these parole claims by way of state habeas petitions, all of which were denied.

Petitioner was forty-four at the time of the hearing and had served fifteen years on a seven years to life sentence.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  In this case, that was the ruling on petitioner's habeas petition by the California Superior Court for Los Angeles County (Exh. F).

**B.  ISSUES PRESENTED**

    **1.  RESPONDENT'S ISSUES**

In order to preserve the issues for appeal respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

    **2.  PETITIONER'S ISSUES**

Petitioner claims that his due process rights were violated when the Board denied him parole based on the circumstances of his crime, and that the denial of parole based on

3

1 inadequacy of his rehabilitation efforts, when those efforts are extensive and have been very
2 successful, violated due process.

### a. "Biggs Claim"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Hayward v. Marshall*, 512 F.3d 536, (9th cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled. This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process.

As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, 952 (9th Cir. 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)). Depending on whether the discussion of dictum in the dissent from denial of rehearing en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner's first issue is a "*Biggs* claim," in that he

4

1  contends that using the circumstances of his offense as grounds for denial for the fourth time
2  violates due process.

3  Petitioner has failed to establish the predicate for his *Biggs* claim.  For one thing,
4  petitioner's parole was not denied solely because of the circumstances of his offense, but also
5  because of his failure to attend any twelve-step program since 1999, despite the fact that alcohol
6  played an important part in his crime (Exh. B at 39, 42), and his lack of planning for relapse
7  prevention if paroled (*id.* at 42-47).  And for another, assuming for purposes of this discussion
8  that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly
9  denied on the basis of the facts of one's crime and in the face of extensive evidence of
10 rehabilitation, and also assuming arguendo that the right was violated in petitioner's case,
11 petitioner still cannot obtain relief on this theory, because as there is no clearly-established
12 United States Supreme Court authority recognizing a "*Biggs* claim."  The state courts' rulings
13 therefore could not be contrary to, or unreasonable applications of, clearly-established Supreme
14 Court authority.

### b. EVIDENCE OF REHABILITATION

16 Petitioner contends that the Board's finding that he had not participated sufficiently in
17 rehabilitative programs was not supported by "some evidence."

18 It is now established under California law that the task of the Board of Parole Hearings
19 and the governor is to determine whether the prisoner would be a danger to society if he or she
20 were paroled.  *See In re Lawrence*, 44 Cal. 4th 1181 (2008).  The constitutional "some
21 evidence" requirement therefore is that there be some evidence that the prisoner would be such
22 a danger, not that there be some evidence of one or more of the factors that the regulations list
23 as factors to be considered in deciding whether to grant parole.  *Id.* at 1205-06.  Whether any
24 particular finding of the parole board was unsupported, as petitioner claims here, does not
25 implicate the Constitution; the only evidentiary claim that is viable on federal habeas is that the
26 Board's decision that the inmate would be danger to society if released.  This claim therefore
27 cannot be the basis for federal habeas relief and is rejected for that reason.
28 ///

1    Alternatively, petitioner's claim will be construed as being that the denial itself was not
2    supported by "some evidence."

3    The attempted murder to which petitioner pled guilty was the consequence of a fight,
4    petitioner versus the victim and his brother (Exh. B at 7). After the fight, petitioner went home
5    and drank and brooded, getting angrier and angrier (*id.* at 10-15). Petitioner and two friends set
6    off the next night to find the brothers; when they found the victim outside at his house,
7    petitioner shot him multiple times (*id.* 7-8).

8    Ascertaining whether the some evidence standard is met "does not require examination
9    of the entire record, independent assessment of the credibility of witnesses, or weighing of the
10   evidence. Instead, the relevant question is whether there is any evidence in the record that
11   could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*,
12   461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so
13   devoid of evidence that the findings of the disciplinary board were without support or otherwise
14   arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

15   Here, the denial was supported by evidence of the brutal and disproportionate nature of
16   the crime itself; petitioner's failure to attend any twelve-step program since 1999, despite the
17   fact that alcohol played an important part in his crime (Exh. B at 39, 42); and petitioner's lack
18   of planning for relapse prevention if paroled (*id.* at 42-47).

19   For these reasons, the rejections of this claim by the state courts were not contrary to, or
20   an unreasonable application of, clearly-established United States Supreme Court authority.

## CONCLUSION

22   The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.
23   **IT IS SO ORDERED.**
24   Dated: April ___1___, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28   G:\PRO-SE\WHA\HC.07\CASTANEDA726.RUL.wpd

6